KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0854-LAB |
| Plaintiff, | Date: May 5, 2008<br>Time: 2:00 p.m. |
| v. | The Honorable Larry A. Burns |
| RODNEY PARKER (1),<br>ANGELA WITTMER (2), | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR** |
| Defendants. | 1) **FINGERPRINT EXEMPLARS;**<br>2) **RECIPROCAL DISCOVERY; AND**<br>3) **LEAVE TO FILE FURTHER MOTIONS** |
| | **TOGETHER WITH A MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts and memorandum of points and authorities.

//

//

**I**

**STATEMENT OF THE CASE**

On March 20, 2008, a federal grand jury in the Southern District of California returned a five-count indictment against Defendants RODNEY PARKER ("Defendant Parker") and ANGELA WITTMER ("Defendant Wittmer") [collectively, "Defendants"]. The Indictment charges Defendant Parker with one count of conspiracy to make a false statement in the attempted acquisition of a firearm, in violation of 18 U.S.C. § 371, one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), one count of possession of approximately 1,168 grams of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a), and criminal forfeiture pursuant to 18 U.S.C. § 924(d). The Indictment charges Defendant Wittmer with one count of conspiracy to make a false statement in the attempted acquisition of a firearm, in violation of 18 U.S.C. § 371, and one count of making a false statement in the attempted acquisition of firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On March 25, 2008, Defendants were arraigned on the Indictment, and Defendants made an oral motion to dismiss the Indictment due to a violation of the Speedy Trial Act. On March 27, 2008, Defendants withdrew their motion to dismiss and entered pleas of not guilty. On April 14, 2008, Defendants filed their discovery motions and motions to dismiss the indictment. The United States files the following motions for fingerprint exemplars, reciprocal discovery and for leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.     OFFENSE CONDUCT**

      **1.     Events Leading to Seizure of the Firearms**

On February 16, 2008, at approximately 1:15 p.m., agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and Immigration Customs Enforcement ("ICE") conducted surveillance at the Crossroads Gun Show at the Del Mar Fairgrounds, which is in the Southern District of California. During the course of the surveillance, ATF Special Agent Wakelin observed a Hispanic male, accompanied by a white female, drive a green Mercury SUV bearing California license plate number "4UPT113" into the gun show parking lot. Agent Wakelin observed the two individuals exit

1  the car and enter the gun show. Agent Wakelin initiated a query of the Department of Motor Vehicle
2  records and determined that the Mercury SUV was registered to Defendant Parker at 6847 Springfield
3  Street, San Diego, California 92114. Agent Wakelin also obtained a physical description of the
4  Defendant Parker, which matched the Hispanic male who he saw driving the Mercury SUV. Agent
5  Wakelin initiated a criminal records check on Defendant Parker and determined that Defendant Parker
6  had two prior felony convictions and was a registered narcotics offender pursuant to California Health
7  & Safety Code Section 11590.

8  At approximately 4:30 p.m., Agent Wakelin observed Defendant Parker and the white female
9  exiting the gun show carrying plastic bags. The bag carried by Defendant Parker appeared to contain
10 a box similar in shape and size to a standard box of ammunition. Agent Wakelin observed Defendant
11 Parker and the white female enter the Mercury SUV and leave the gun show.

12 San Diego Sheriff's Department Detective Berlinksy initiated a traffic stop of the Mercury SUV
13 for a violation of the California Vehicle Code regulating window tint. Detective Berlinksy identified
14 the driver as Defendant Parker and the passenger as Defendant Wittmer. Agents Wakelin and Beals
15 arrived at the scene and identified themselves to Defendants. Agent Wakelin advised Defendant Parker
16 that he was not under arrest and that he did not have to talk with ATF. Defendant Parker said he
17 understood and voluntarily agreed to speak with Agent Wakelin. Defendant Parker said he purchased
18 a fifty-round box of .32 caliber ammunition at the gun show. Defendant Parker freely admitted that he
19 was a convicted felon and that he purchased the ammunition for a friend. Agent Wakelin advised
20 Defendant Parker that he was under arrest.

21 Agents Wakelin and Beals advised Defendant Wittmer that she was not under arrest and that she
22 did not have to talk with ATF. Defendant Wittmer said she understood and voluntarily agreed to speak
23 with Agents Wakelin and Beals. Defendant Wittmer said she was Defendant Parker's girlfriend and that
24 they had just attended the Gun Show at the Del Mar Fairgrounds. Defendant Wittmer said she
25 purchased a handgun at the gun show, which she intended on receiving after the 10-day waiting period.
26 Defendant Wittmer showed ATF a receipt for the purchase of a 9 millimeter handgun. Defendant
27 Wittmer was unable to recall the make and model of the handgun that she had just purchased.
28 Defendant Wittmer said that Defendant Parker had purchased ammunition at the gun show, which was

a gift for her uncle. Agents Wakelin and Beals advised Defendant Wittmer that she was being transported to the ATF field office for further questioning.

Agent Wakelin performed a search incident to arrest of Defendant Parker and found a box of .32 caliber ammunition, approximately $1,800.00 in cash, and two California driver licenses. Both licenses contained Defendant Parker's photograph, but one license contained his true identity while the other listed another person's name and address.

Agents Wakelin and Beals conducted a search incident to arrest of Defendant Parker's Mercury SUV. Agents found a loaded Ruger .45 caliber revolver, a loaded FIE .25 caliber pistol with ten rounds of .45 caliber ammunition, a box of .32 caliber ammunition, and another counterfeit California driver's license with Defendant Parker's photograph and another person's name and address.

Agent Wakelin performed a search incident to arrest of Defendant Wittmer and found a small piece of white paper with a handwritten description of the exact make and model of the loaded FIE .25 caliber pistol found in the center console of Defendant Parker's Mercury SUV.

### 2. **Defendants' Recorded Statements in the ATF Vehicle**

On February 16, 2008, at approximately 5:00 p.m., Agent Beals placed a recording device in his government vehicle prior to placing the Defendants in the vehicle while agents conducted a search incident to arrest/tow of the Mercury SUV. Defendants engaged in a conversation concerning the purchase of the ammunition at the Del Mar Gun Show, the purchase of the 9 millimeter Smith & Wesson firearm, the source of the money found on Defendant Parker, and the ownership of the guns found in Defendant Parker's SUV.

While Defendants were seated in the back of the government vehicle, they began to discuss the ammunition purchased at the Gun Show, and the following is an excerpt of the conversation:

> PARKER: I told them I bought a box of ammunition for...your uncle.
>
> WITTMER: You did?
>
> PARKER: Yeah.
>
> WITTMER: So. Who bought it? You or me?
>
> PARKER: I did.
>
> WITTMER: So what! I'm giving it to him, it's his birthday.

| | |
|---|---|
| 1 | WITTMER: You know? |
| 2 | WITTMER: Don't trip. |
| 3 | WITTMER: I can't believe this shit. |
| 4 | WITTMER: It's a 9 millimeter Smith and Wesson, correct? |
| 5 | PARKER: Mmhm. |
| 6 | WITTMER: He's all, you don't know the make and model of it? I'm all, that is the make and model, is it not? |
| 7 | WITTMER: Fucking asshole cocksuckers. |

Defendants engaged in the following conversation as ATF agents uncovered two firearms in the center console of Defendant Parker's Mercury SUV - a loaded Ruger .45 caliber revolver and a loaded FIE .25 caliber pistol with ten rounds of .45 caliber ammunition:

> PARKER: Many they're trippin. They found those IDs...Oh, check it out, they found the guns, they found them.
>
> WITTMER: Fuck!
>
> WITTMER: Fuck...Are you gonna have bail?
>
> PARKER: No.
>
> WITTMER Why?
>
> PARKER: I don't know. Unless we say they was yours. Its like, its like ummmm...see how that works...mmmm.
>
> WITTMER: Hmm. Maybe they found (UNINTELLIGIBLE).
>
> PARKER: (UNINTELLIGIBLE)...gun
>
> WITTMER: Do you want me to say they're mine?
>
> PARKER: No.
>
> WITTMER: I will...I will, I don't care, I don't give a fuck about them.

As Agent Beals carried the Ruger revolver that was found in Defendant Parker's vehicle to the front of the government vehicle where Defendants could see it, Defendants engaged in the following conversation:

> PARKER: I don't know how things are going to be. Oh there it is [referring to the Ruger revolver found in the SUV]
>
> WITTMER: How what's going to be?

WITTMER: Just stick to the story is fine. Okay? Promise?

PARKER: (UNINTELLIGIBLE)

WITTMER: Hmm?

PARKER: (UNINTELLIGIBLE)

WITTMER: What?

PARKER: the money or the guns?

WITTMER: For both, just say you don't know.  I mean, you let somebody borrow your truck. You know? I'm serious.

In the same conversation above, Defendant Parker admits to Defendant Wittmer that he has drugs at his house inside his truck:

PARKER: I still got two bricks at my house.

WITTMER: Where?

PARKER: My truck.

WITTMER: Alright.

Defendants discuss getting out of jail on bail and running away to Texas.  During this conversation, Defendant Wittmer again tells Defendant Parker to stick to the story:

WITTMER: Whatever you do, make sure you tell them that strap's for me because I'm home by myself all the time. That's what I told you.

PARKER: The other two?

WITTMER: The other two...fucking plead the fifth. You know what I mean?

PARKER: My prints are all over them.

WITTMER: Don't matter. Don't say shit. Don't say a fucking word. Please...Tell them to suck a dick!

Defendants discuss the possibility of government agents executing a search warrant at Defendant Parker's residence.  Wittmer says, "They're going to hit the pad."   The following is an excerpt of this conversation:

WITTMER: I'm going to tell Julia to get rid of everything.

PARKER: Hmm?

WITTMER: Tell her to get everything out.

WITTMER: Just tell them it was my...you know, it...I bought the gun, it's my gun. What the fuck. That way I'm out and I can get you out.

1  PARKER: It's your gun; you're not going to be out.

2  WITTMER: Why? No, the one we just bought...I just bought.

3  PARKER: The other two?

4  WITTMER: The other two, just fucking don't say shit. Just let me get you out, okay?

At approximately 6:02 p.m., Agent Beals returned to his government vehicle and transported Defendants to the ATF Field Office for processing and paperwork.

### 3.  Post-Miranda Statements

On February 16, 2008, ATF agents advised Defendant Wittmer of her <u>Miranda</u> rights. Defendant Wittmer acknowledged that she understood his <u>Miranda</u> rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel. Defendant Wittmer stated that she has been addicted to methamphetamine for several years and smokes the drug about twice per day. Defendant Wittmer also stated that she smoked methamphetamine before attending the gun show. Defendant Wittmer said she often smokes methamphetamine with Defendant Parker.

### 4.  Events Leading to Seizure of the Marijuana

On February 17, 2008, at approximately 4:30 p.m., ATF agents executed a search warrant at the residence where Defendant Parker has been renting a room for the past six years - 6847 Springfield Street, San Diego, California. ATF agents found a Ford Bronco registered to Defendant Parker at the residence. ATF agents found marijuana inside the Ford Bronco, as well as a large digital scale, which agents believed was being used to distribute the marijuana. In total, ATF agents found approximately 1,167 grams of marijuana.

During the execution of the search warrant, agents spoke with Julia Chavez, the owner of the residence. Chavez told agents that she has rented a room to Defendant Parker for the past six years. Defendant Parker pays $400.00 per month in rent and occupies two bedrooms in the house, stores several vehicles in the back of the residence, and stores his Ford Bronco and Corvette in the garage.

25  //
26  //
27  //
28  //

### C. DEFENDANTS' CRIMINAL HISTORY

Defendant Parker has a serious criminal history. On September 9, 1997, Defendant Parker was convicted in San Diego Superior Court for inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5, and received a sentence of 270 days in jail and 3 years probation. On January 5, 1999, Defendant Parker's probation was reinstated and extended to January 4, 2002. On January 11, 2001, Defendant Parker was convicted in San Diego Superior Court for inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5, and received a sentence of 2 years in prison. On November 6, 2001, Defendant Parker was convicted of possession of a controlled substance for sale, in violation of California Health & Safety Code § 11378, and received a sentence 16 months in prison. On May 13, 2004, Defendant Parker violated his parole and returned to prison. On April 5, 2005, Defendant Parker violated his parole and returned to prison. On June 28, 2006, Defendant Parker violated his parole and returned to prison.

While Defendant Wittmer admitted that she has a substance abuse problem, she does not have any prior criminal convictions.

**III**

**THE UNITED STATES' MOTIONS TOGETHER
WITH A MEMORANDUM OF POINTS AND AUTHORITIES**

### A. MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendants make himself/herself available for fingerprinting by the United States' fingerprint expert. Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Here, Defendant Parker told Defendant Wittmer that his fingerprints were all over the guns found in the center console of his Mercury SUV. Moreover, Defendant Wittmer had a handwritten note in her purse that contained the exact make and model of one of the handguns found in the center console of Defendant Parker's SUV. For the foregoing reasons, the United States moves the Court for an order compelling to provide fingerprint exemplars.

**B.**     **MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

**1.     Defendant's Disclosures Under Fed R. Crim. P. 16(b)**

On April 14, 2008, Defendants invoked Fed. R. Crim. P. 16(a) in their discovery motions and the United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced to Defendant Parker 79 pages of discovery (including reports of the arresting officers and agents, a criminal history report, documents concerning Defendant's prior convictions, and evidence seized at the time of arrest), 1 CD-ROM containing Defendant's videotaped, post-arrest statement, photographs of evidence seized during the execution of a search warrant, and a recording of Defendant Parker and Wittmer while seated in the back of a government vehicle. As of the date of this Motion, the United States has produced to Defendant Wittmer 42 pages of discovery (including reports of the arresting officers and agents, evidence seized at the time of arrest), 1 CD-ROM containing Defendant's videotaped, post-arrest statement, photographs of evidence seized during the execution of a search warrant, and a recording of Defendant Parker and Wittmer while seated in the back of a government vehicle. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of

reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: April 14, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0854-LAB |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| RODNEY PARKER (1), | ) | |
| ANGELA WITTMER (2), | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **United States' Motions for Fingerprint Exemplars, Reciprocal Discovery, and Leave to File Further Motions** as lead counsel for the United States and this Certificate of Service on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

1. Gregory T. Murphy
   Federal Defenders of San Diego, Inc.
   225 Broadway, Suite 900
   San Diego, California 92101-5008
   Tel: (619) 234-8501
   Fax: (619) 687-2666
   Email: gregory_murphy@fd.org
   *Lead Attorney for Defendant Parker*

2. Maxine I. Dobro
   Law Offices of Maxine I. Dobro
   105 West F Street, 3rd Floor
   San Diego, California 92101-6036
   Tel: (619) 232-5044
   Fax: (619) 233-3221
   Email: maxdobro@aol.com
   *Lead Attorney for Defendant Wittmer*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2008.

/s/ ***Joseph J.M. Orabona***
JOSEPH J.M. ORABONA
Assistant United States Attorney